**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON LYNELL PRICE,<br><br>Petitioner,<br><br>v.<br><br>JAMES HILL, ATTORNEY GENERAL,<br><br>Respondents. | Case No.:  3:25-cv-3228-JLS-KSC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

On November 5, 2025, Petitioner Brandon Lynell Price ("Petitioner"), an inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1.  On November 25, 2025, the Court dismissed the case without prejudice because Petitioner failed to satisfy the filing fee requirement.  ECF No. 2.  The Court notified Petitioner that to have his case reopened, he must either pay the $5.00 filing fee or to move to proceed *in forma pauperis* by January 19, 2026.  *Id.*  On December 5, 2025, Petitioner paid the filing fee, and the case has been reopened.[1]  *See* ECF No. 3.  As discussed below, however, the Petition must be dismissed without prejudice.

/ / /

---

[1] It appears the filing fee was received by the Clerk of Court on December 5, 2025, but due to an apparent clerical error, the notice of payment was not entered onto the docket until February 10, 2026. *See* ECF No. 3.

1

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

In his Petition, Petitioner raises several claims arising from his 2006 convictions in San Diego Superior Court Case Nos. SCD170638 and SCD160800.[2]  ECF No. 1 at 1.  A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, i.e., give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc).  A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (noting a state prisoner must fairly present his claim(s) to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

Here, Petitioner states he has raised all the claims presented in his federal petition in a petition for habeas corpus filed with the California Supreme Court.  ECF No. 1 at 6–11.  However, Petitioner also concedes his state petition is still pending before the state

---

[2] The Court notes that Petitioner has previously pursued federal habeas relief as to those convictions in this Court. *See Price v. Uribe*, No. 10-cv-1357-H-WVG.  The Court denied habeas relief in that case on November 3, 2011. *See id.*, ECF No. 41. A district court is generally barred from considering a successive petition unless the Petitioner first obtains "authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).  But here, Petitioner states he was resentenced and a new judgment entered in his state criminal cases on July 7, 2021, and the abstract of judgment was again amended on June 7, 2022. *See* ECF No. 1 at 20–21. Petitioner's resentencing and amended judgment constitutes an intervening judgment and as such the instant Petition is not "successive." *See Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (noting that "when a defendant is resentenced, he has received a new judgment"); *Gonzalez v. Sherman*, 873 F.3d 763, 768 (9th Cir. 2017) (stating that "an amended judgment constitutes a new, intervening judgment that renders a subsequent habeas petition not second or successive even if the petition challenges only undisturbed portions of the original judgment") (citing *Wentzell v. Neven*, 674 F.3d 1124, 1126–28 (9th Cir. 2012)).

3:25-cv-3228-JLS-KSC

high court.[3]  *Id.*  The exhaustion requirement is not satisfied if there is a pending proceeding in state court that could result in the relief the federal petitioner seeks, thereby mooting the federal question.  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).  Therefore, Petitioner has not completed exhaustion of his state judicial remedies.

## CONCLUSION

Because Petitioner has a petition currently pending in the California Supreme Court, the instant petition for a writ of habeas corpus is **DISMISSED** without prejudice to refiling once all state court post-conviction challenges to Petitioner's convictions have been completed.  *See* 28 U.S.C. § 2254(b)–(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

Furthermore, the Court **DENIES** a certificate of appealability because reasonable jurists would not find this Court's dismissal debatable.  *See* 28 U.S.C.A. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (stating a prisoner seeking a certificate of appealability must demonstrate jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further).

The Clerk of Court **SHALL** enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  February 13, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[3] A review the California Supreme Court docket shows Petitioner filed a petition for habeas relief in that court on October 10, 2025 in Case No. S293346, which is still pending. *See* California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?doc_id= 3142744&request_token=NiIwLSEnPkw9WyBNSCM9SEJJQDg0UDxTKiIuSz5SUCAgCg%3D%3D &start=1&doc_no=S293346&dist=0&search=party&auth=yes (visited Feb. 10, 2026).

3:25-cv-3228-JLS-KSC