**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON LYNELL PRICE,<br><br>                                    Petitioner,<br><br>v.<br><br>JAMES HILL, Warden; et al.,<br><br>                                    Respondents. | Case No.:  25-CV-3228 JLS (KSC)<br><br>**ORDER DENYING MOTION TO REOPEN CASE AND REQUEST FOR COPIES**<br><br>(ECF No. 6) |

On November 5, 2025, Petitioner Brandon Lynell Price ("Petitioner"), an inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1.  The Court initially dismissed the case without prejudice because Petitioner failed to satisfy the filing fee requirement.  ECF No. 2.  But after Petitioner paid the filing fee, the case was reopened.  *See* ECF No. 3.  On February 13, 2026, however, the Court dismissed the case for failure to allege exhaustion of state judicial remedies and entered judgment.  *See* ECF Nos. 4, 5.  Petitioner has now filed a Motion to Reopen Case and for Copies of Exhibits.  ECF No. 6.

In the Motion, Petitioner explains that to the extent the Court noted in its dismissal order that he had a habeas petition pending before the California Supreme Court, the petition was related only to Petitioner's 2021 resentencing hearing and therefore was not

relevant to the question of exhaustion of the claims raised in his federal petition.[1]  *See id.* at 1.  As discussed in the Court's previous order, a state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, i.e., give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (noting a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review).

In his Petition, Petitioner indicates that he has raised all the claims presented in his federal petition in a petition for habeas corpus filed with the San Diego County Superior Court, Case No. HC21913.  *See* ECF No. 1 at 6–11.  But Petitioner does not allege in his Petition or in the instant Motion that he raised these same claims in the California Supreme Court.  *See id.*  As such, he has not alleged exhaustion.  *See Baldwin*, 541 U.S. at 29.  The Motion to Reopen the case is therefore **DENIED**.

---

[1] As noted in the Court's dismissal Order, in his Petition, Petitioner raises several claims arising from his 2006 convictions in San Diego Superior Court Case Nos. SCD170638 and SCD160800.  Petitioner has previously pursued federal habeas relief as to those convictions in this Court.  *See Price v. Uribe*, No. 10-cv-1357-H-WVG.  The Court denied habeas relief in that case on November 3, 2011.  *See id.*, ECF No. 41.  A district court is generally barred from considering a successive petition unless the Petitioner first obtains "authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).  But because it appears Petitioner was resentenced and a new judgment entered in his state criminal cases on July 7, 2021, the instant Petition does not appear to be "successive."  *See Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (noting that "when a defendant is resentenced, he has received a new judgment"); *Gonzalez v. Sherman*, 873 F.3d 763, 768 (9th Cir. 2017) (stating that "an amended judgment constitutes a new, intervening judgment that renders a subsequent habeas petition not second or successive even if the petition challenges only undisturbed portions of the original judgment") (citing *Wentzell v. Neven*, 674 F.3d 1124, 1126–28 (9th Cir. 2012)).  However, Petitioner is still required to exhaust his state judicial remedies as to his new judgment.

25-CV-3228 JLS (KSC)

Petitioner also asks the Court to send him copies of the 206 pages of exhibits submitted in this case. ECF No. 6; *see also* ECF No. 1-3. The Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* Judicial Conference Schedule of Fees 4, foll. 28 U.S.C. § 1914. A prisoner has no right to free copies of pleadings or exhibits. *See In Re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (per curiam) (stating that 28 U.S.C. § 1915 "does not give the litigant a right to have documents copied and returned to him at government expense"). Further, "[t]he Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress[.]'" *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). The in forma pauperis statute, 28 U.S.C. § 1915, authorizes the Court to pay for service of process on behalf of an indigent litigant and, in certain cases, to pay the costs of printing the record on appeal and preparing a transcript of proceedings, but the statute does not authorize the Court to pay the costs for an indigent litigant's general copy requests. *Cf. Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (finding that section 1915 does not authorize the district courts to waive payment of fees or expenses for witnesses); *Tedder*, 890 F.2d at 211-12 (same). Accordingly, the Motion for copies is **DENIED**.

## CONCLUSION

For the reasons discussed above Petitioner's Motion to Reopen Case and for Copies of Exhibits (ECF No. 6) is **DENIED**. The case remains closed.

**IT IS SO ORDERED.**

Dated: May 19, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

3

25-CV-3228 JLS (KSC)